**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                    **2:19-cr- 114(2)**
                                                **JUDGE MICHAEL H. WATSON**

**SERGIO L. VALDERRAMA-AREIZA**

## REPORT AND RECOMMENDATION

Defendant Sergio L. Valderrama-Areiza previously pleaded not guilty to an *Indictment*, ECF No. 3, that charges him with conspiracy to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine intending and knowing that the substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963 (Count 1). The *Indictment* also contains a forfeiture provision. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 62, executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to plead guilty to the lesser included offense to that charge, specifying 500 grams or more of a substance containing a detectable amount of cocaine.[1] On January 18, 2023, defendant, accompanied by his counsel and assisted by a Spanish interpreter, personally appeared for a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] In addition to specifying sentencing terms, the *Plea Agreement* includes an appellate waiver provision that preserves only certain claims for appeal, collateral challenge, or motion for reduction of sentence. Under the *Plea Agreement*, defendant agreed to the forfeiture provision in the *Indictment* and acknowledged the likely immigration consequences of his guilty plea. Although the *Plea Agreement* also includes a restitution provision, the parties agreed at the change of plea proceeding that there are no identified victims to the alleged offense.

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge against him in the *Indictment* and the consequences of his plea of guilty to the lesser included offense of that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on December 1, 2022, represents the only promises made by anyone regarding the charge against him in the *Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the District Judge rejects the *Plea Agreement*, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximum.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty because he is in fact guilty of conspiracy to distribute 500 grams or more of a substance containing a

2

detectable amount of cocaine, intending and knowing that the substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to that charge is knowingly and voluntarily made with understanding the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to the charge of conspiracy to distribute 500 grams or more of a substance containing a detectable amount of cocaine, intending and knowing that the substance would be unlawfully imported into the United States, be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and*

3

Recommendation. *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| January 18, 2023<br> Date | *s/  Norah McCann King*<br>Norah McCann King<br>United States Magistrate Judge |